# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231, RETIREMENT PLAN; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS NATIONAL ELECTRICAL BENEFIT FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231, VACATION PLAN; IOWA CHAPTER NATIONAL ELECTRICAL CONTRACTORS ASSOCIATIONS; and JAMES KAVANAUGH, as Trustee of the International Brotherhood of Electrical Workers, Local No. 231, Retirement Plan, <br><br> Plaintiffs, <br> vs. <br><br> POTTEBAUMS SERVICE ELECTRIC, L.L.C.; MIKE POTTEBAUM; MARK POTTEBAUM; HIGH TECH ELECTRIC, L.L.C., d/b/a SERVICE ELECTRIC COMPANY, <br><br> Defendants. | No. C 10-4096-MWB <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

This case, involving claims for unpaid ERISA contributions and damages and unpaid union wages pursuant to the LMRA, based on successor or alter ego liability, is before me on the plaintiffs' June 24, 2013, Motion For Summary Judgment (docket no.

85). On July 16, 2013, defendant Mike Pottebaum filed a *pro se* Resistance (docket no. 93) to this Motion, and on July 26, 2013, the plaintiffs filed a Reply (docket no. 95). On August 15, 2013, defendant Mark Pottebaum filed a Resistance (docket no. 104), with the assistance of counsel, and on September 18, 2013, the plaintiffs filed a Reply (docket no. 111). On October 11, 2013, defendant Mark Pottebaum filed a Supplemental Statement Of Facts (docket no. 112), concerning a ruling in related bankruptcy proceedings, and on October 18, 2013, the plaintiffs filed a Response To Defendant Mark Pottebaum's Supplemental Statement Of Facts (docket no. 113), asserting, *inter alia*, that the ruling in bankruptcy proceedings is irrelevant.[1] This case is currently set for a bench trial to begin December 9, 2013.

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'"

---

[1] On February 8, 2011, the Clerk of Court entered the default of defendant High Tech Electric, L.L.C., d/b/a Service Electric Company, *see* docket no. 16, although no default judgment was subsequently sought or entered. On July 9, 2013, I entered a Default Judgment (docket no. 91) against defendant Pottebaum's Service Electric, L.L.C. Thus, the two Pottebaums are the only remaining defendants.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

> When the parties have met their burden, the district judge's task is as follows:
>> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, ---U.S. ----, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, quoting *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson*, 643 F.3d at 1042-43. Summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

This case presents an example of the circumstances in which motions for summary judgment in matters set for a bench trial can be needlessly expensive and time-consuming for the parties and the court. The plaintiffs are correct that neither of

3

the individual defendants has responded to their statement of undisputed material facts in the manner required by N.D. IA. L.R. 56(b)(3). Thus, some of the facts asserted by the plaintiffs as the basis for their summary judgment motion are deemed undisputed. *See* N.D. IA. L.R. 56(b).[2] I recognize that I am under no obligation "to plumb the record in order to find a genuine issue of material fact" or to "speculate on which portion of the record" might support a non-movant's claim. *See Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (internal quotation marks and citations omitted); *see also Torgerson*, 643 F.3d at 1042 (explaining the non-movant's burden in responding to summary judgment). Yet, neither am I required to ignore applicable arguments and identification of facts in the record by one of the defendants that might also support the arguments of the other defendant, who failed to provide adequate citations to the record. Furthermore, the plaintiffs' contentions, in their Replies, that the additional facts asserted by the defendants must be analyzed within the context of the other 118 undisputed and admitted facts submitted by the plaintiffs is tantamount to an invitation for me to weigh the evidence, make findings, and decide the issues, something that I cannot do on a motion for summary judgment, *see Torgerson*, 643 F.3d at 1042, but necessarily can and must do in a bench trial. FED. R. CIV. P. 39(b);

---

[2] Pursuant to N.D. IA. L.R. 56(b), a resistance to a motion for summary judgment requires, *inter alia*, "[a] response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact" and further specifies that "[a] response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record." Pursuant to N.D. IA. L.R. 56(b), "[t]he failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact."

*Best Buy Co., Inc. v. Fedders North America, Inc.*, 202 F.3d 1004, 1008 (8th Cir. 2000) ("In the bench trial below, the district judge was the trier of fact.").

Here, the individual defendants (at least considering their submissions in the aggregate) have identified additional facts—sometimes even with adequate citations to the record—that would require me to determine whether or not there is a question for a trier of fact on the plaintiffs' claims that the individual defendants and their business, Service Electric, are successors or alter egos of the prior business, High Tech, and even who was or is an "owner" of Service Electric and High Tech. Little purpose would be served by my engaging in a detailed analysis of whether there are questions for a trier of fact, when I will *be* the trier of fact in the subsequent bench trial. Specifically, I doubt that doing so would even significantly clarify the issues or streamline the evidence for the bench trial. Suffice it to say, I have considered all of the parties' submissions, and I conclude that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that there *are* genuine issues of material fact and that the plaintiffs are *not* entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-24; *Woods* 409 F.3d at 990.

THEREFORE, the plaintiffs' June 24, 2013, Motion For Summary Judgment (docket no. 85) is **denied**, and this case will proceed to a bench trial beginning December 9, 2013.

**IT IS SO ORDERED**.

**DATED** this 6th day of November, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA