# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231, RETIREMENT PLAN; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS NATIONAL ELECTRICAL BENEFIT FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 231, VACATION PLAN; IOWA CHAPTER NATIONAL ELECTRICAL CONTRACTORS ASSOCIATIONS; and JAMES KAVANAUGH, as Trustee of the International Brotherhood of Electrical Workers, Local No. 231, Retirement Plan, | No. C 10-4096-MWB |
| Plaintiffs, vs. | MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTIONS IN LIMINE |
| MIKE POTTEBAUM; MARK POTTEBAUM; HIGH TECH ELECTRIC, L.L.C., d/b/a SERVICE ELECTRIC COMPANY, | |
| Defendants. | |

_____

This case is before me on the plaintiffs' October 28, 2013, Motions In Limine (docket no. 114), filed in anticipation of a bench trial scheduled to begin on December 9, 2013. The Motions In Limine seek to address two evidentiary matters: (1) whether defendant Mark Pottebaum intentionally engaged in spoliation of certain evidence, such

that I should sanction him by prohibiting him from introducing any evidence or testimony that the plaintiffs cannot meaningfully contest owing to his failure to produce documents; and (2) the admissibility of Mark Pottebaum's discharge in bankruptcy. In a Resistance (docket no. 115), filed November 4, 2013, Mark Pottebaum disputes that he is responsible for the loss of any records allegedly resulting from his spoliation of evidence or that any evidence has not been disclosed. He also argues that his discharge in bankruptcy is relevant to his decision to terminate his business and for Mike Pottebaum to begin a new business managed by him.

In a Memorandum Opinion And Order Regarding Plaintiffs' Motion For Summary Judgment (docket no. 116), filed November 6, 2013, I was critical of the filing of a motion for summary judgment in a matter set for a bench trial. Memorandum Opinion And Order at 3-5. Similarly, I am critical of the filing of motions in limine where the court will be the trier of fact. As the Eighth Circuit Court of Appeals explained over two decades ago in *First American State Bank v. Continental Ins. Co.*, 897 F.2d 319 (8th Cir. 1990),

> [A] judgment in a bench trial would not be reversed on the grounds that incompetent evidence was admitted, unless the competent evidence provided insufficient support for the judgment or the incompetent evidence precipitated a finding that the trial court would not otherwise have made… [and] the admission of incompetent evidence is usually harmless because there is a presumption that the trial court considered only competent evidence in making findings.

*First American State Bank*, 897 F.2d at 328; *see also United States v. W.B.*, 452 F.3d 1002, 1006-07 (8th Cir. 2006) (quoting this excerpt from *First American State Bank*); *accord Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."); *Thorson v. Gemini, Inc.*, 205 F.3d 370, 383 (8th Cir. 2000) (finding it difficult to

conclude that any evidence excluded by the district court in a bench trial was "of a critical nature," where the court was the finder of fact).

Similarly, as a colleague of mine in the District of Nebraska recently explained,

> [In a non-jury trial,] the court is totally capable of discerning the evidence that is both relevant and hearsay. Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial. *See Builders Steel Co. v. Commissioner*, 179 F.2d 377, 379 (8th Cir.1950) ("[A] trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted"). Thus, in bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law. *Fields Engineering & Equipment, Inc. v. Cargill, Inc.*, 651 F.2d 589, 594 (8th Cir.1981). In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent. *Taylor v. Taylor*, 211 F.2d 794, 797 (8th Cir.1954). *See also Builders Steel Co.*, 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received, and, since findings are based on the evidence that is found competent, material and convincing, there is no harm in the presence in the record of testimony that the court does not find competent or material). Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser–Busch, Inc.*, 758 F.2d 251, 258 (8th Cir.1985). To the extent that a party challenges the probative value of the evidence, "[a]n attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve." *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir.1996) (citation omitted). Also, some evidence "cannot

3

> be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir.1997).

*Moss v. Outlook Nebraska, Inc.*, No. 8:11CV19, 2013 WL 1352042, *2 (D. Neb. April 2, 2013) (Bataillon, J.) (slip op.).

Thus, the proper approach to the evidentiary problems that the plaintiffs anticipate in this bench trial is for the plaintiffs to object at the trial if they are surprised by certain testimony, as a result of alleged spoliation or concealment of evidence, or they are confronted with arguably inadmissible and irrelevant information.

Moreover, in this case, I need not rely simply on my distaste for and doubts about the utility of motions in limine in a bench trial. The plaintiffs' identification of what evidence or testimony should be excluded as a sanction for alleged spoliation of evidence is so vague as to make any meaningful sanction impossible to craft. Also, Mark Pottebaum has suggested sufficient, limited relevance of evidence of his bankruptcy to make a blanket, pretrial exclusion of such evidence, at the very least, unwise.

THEREFORE, the plaintiffs' October 28, 2013, Motions In Limine (docket no. 114) is **denied without prejudice** to challenges to evidence at issue at the bench trial.

**IT IS SO ORDERED**.

**DATED** this 26th day of November, 2013.

_Mark W. Bennett_
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA